ANSTEAD, Chief Judge,
concurring specially:
I agree that the order imposing sanctions against the appellant should be reversed. While the appellant has framed the issues in constitutional terms I would reverse on much narrower grounds, that of sufficiency of the evidence to prove a violation of the rule in question. The facts are adequately set out in the majority opinion. I simply do not believe those facts, even when considered together with the reasonable inferences drawn therefrom in favor of the appellee, demonstrate a violation of the regulation in question. The regulation appears to be intended to prevent practitioners from advertising, i.e., soliciting patients to use their professional services, without identifying themselves. The regulation does not appear to extend to the factual situation involved herein whereby a number of generally related organizations (rather than individuals) combine together to put on a public activity to make the public aware of the organizations and their services. The fact that the fair may lead to business for the various participants involved does not, in my view, establish an obligation under the regulation in question to conspicuously identify the particular chiropractors that may participate. In addition, it is apparent that the appellant is being prosecuted in his representative capacity for the activities of the association of which he is a member. As noted in the majority opinion, it is difficult to resist analogizing appellant’s activities to those of a voluntary bar association. I simply do not believe the evidence supports a conclusion that appellant’s business was being promoted by the advertising.